IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDWARD FAYE PARKS, #195949, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:23-cv-153-L-BN |
| DISTRICT OF ARIZONA, ET AL., | § § § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Edward Faye Parks, an Arizona prisoner, appears to be confined in the Arizona Department of Corrections pursuant to convictions out of a state court in Mohave County, Arizona, for disorderly conduct with a weapon and aggravated assault of a peace officer (two counts), and he has previously collaterally attacked these state convictions and the resulting sentences in federal court under 28 U.S.C. § 2254. *See Parks v. Attorney Gen. of Ariz.*, No. CV-16-4570-PHX-DLR (DKD), 2018 WL 2046982 (D. Ariz. May 2, 2018), *rec. accepted*, 2018 WL 3096811 (D. Ariz. June 22, 2018), *C.O.A. denied*, 2019 WL 6879180 (9th Cir. Mar. 15, 2019), *cert. denied*, 140 S. Ct. 319 (2019).

Parks also attempted to file a second Section 2254 application concerning these state criminal judgments in the District of Arizona, which was dismissed without prejudice as successive. *See Parks v. Smith*, No. CV 21-08207-PCT-DLR (DMF), 2021 WL 9563562 (D. Ariz. Dec. 7, 2021).

And he now appears to attack the Arizona criminal judgments *pro se* in this

district. *See* Dkt. No. 4.

United States District Judge Sam A. Lindsay referred Parks's latest Section 2254 application to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the application for lack of jurisdiction.

First, Parks has filed his petition in the wrong venue; the venue requirements for habeas petitions are jurisdictional. *See Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir. 2004); *Webb v. Beto*, 362 F.2d 105, 108 (5th Cir. 1966).

"Section 2254 'confers jurisdiction upon the federal courts to hear collateral attacks on state court judgments.' [And] 'Section 2241 "specifies the court in which [the petition] must be brought."'" *Carmona*, 357 F.3d at 537 (quoting *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000); footnote and citations omitted); *see also Rameses v. U.S. Dist. Court*, 523 F. App'x 691, 694 (11th Cir. 2013) (per curiam) ("All applications for writs of habeas corpus, including those filed under 28 U.S.C. § 2254 by persons in state custody, are governed by 28 U.S.C. § 2241." (citation omitted)).

> Under § 2241(a), federal district courts may grant writs of habeas corpus only "within their respective jurisdictions." 28 U.S.C. § 2241(a). For a person who is "in custody under the judgment and sentence of a [s]tate court" and who wishes to file a § 2254 application, § 2241(d) specifies the "respective jurisdictions" where such an application may be filed. Under § 2241(d), a person in custody under the judgment of a state court may file his application for a writ of habeas corpus in the federal district (1) "within which the [s]tate court was held which convicted and sentenced him"; or (2) "wherein [he] is in custody." 28 U.S.C. § 2241(d).

*Rameses*, 523 F. App'x at 694-95 (citation omitted); *see also Carmona*, 357 F. App'x at 537 ("The 'respective jurisdictions' language presumably limits the general habeas

power contained in § 2254."); *Redford v. Obama*, Civ. A. No. 16-0906 (CKK), 2016 WL 11670663, at *1 (D.D.C. May 26, 2016) (same).

So, simply put, this federal court in the Northern District of Texas lacks jurisdiction to grant habeas relief from Arizona convictions. *See Rivera v. Lumpkin*, Civ. A. No. 21-1807, 2022 WL 309401, at *3 (E.D La. Jan. 7, 2022) ("Rivera has established no connection with the Eastern District of Louisiana and his Texas state court detention, conviction, or sentence for purposes of venue. Rivera was not convicted within this district, and he is neither currently nor was he formerly detained in this district on the related sentence. Venue under the habeas statute is jurisdictional. This court, therefore, has no authority to consider Rivera's petition challenging either a conviction or sentence that was not obtained or served within this court's jurisdiction." (footnote omitted)), *rec. adopted*, 2022 WL 293420 (E.D. La. Feb. 1, 2022); *Harris v. United States*, 148 F. Supp. 3d 1, 1-2 (D.D.C. 2015) (Under Section 2241(a), "a federal court in the District of Columbia lacks jurisdiction to grant habeas relief from a Maryland conviction.").

Second, even if venue was proper, the Court would still lack jurisdiction because the current Section 2254 application is successive. *See Parks*, 2021 WL 9563562. And 28 U.S.C. § 2244(b)(3) deprives federal district courts of jurisdiction to consider second or successive Section 2254 applications absent prior authorization. *See, e.g.*, *Leal Garcia v. Quarterman*, 573 F.3d 214, 219 (5th Cir. 2009) ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district

court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnotes omitted)).

## Recommendation

The Court should dismiss the application for a writ of habeas corpus under 28 U.S.C. § 2254 for lack of jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 23, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE